In re **EDGEWOOD GENERAL PARTNERSHIP f/k/a Alfred S. Austin and Daper Tampa, Inc., a Florida General Partnership, Debtor.**

**Bankruptcy No. 93–3550–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 7, 1994.

Domenic L. Massari, III, Tampa, FL, for debtor.

Larry E. Solomon, Tampa, FL, for Daper Tampa, Inc.

Lisette Reid, Miami, FL.

Warren A. Wilson, III, Palm Harbor, FL.

### ORDER ON OBJECTION TO SUBPOENA FOR HEARING, MOTION FOR PROTECTIVE ORDER AND REQUEST FOR SANCTIONS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a yet-to-be confirmed Chapter 11 case involving Edgewood General Partnership (Debtor) in which Daper Tampa, Inc. (Daper), a Florida corporation is the general partner. Mr. Joseph Simon (Mr. Simon), serves as an officer and director of Daper. The Objection and Motion under consideration were filed by Mr. Simon. The facts relevant as appear from the record are without dispute and are as follows:

On June 23, 1993 counsel for the holder of the first mortgage on a office building owned by the Debtor, Teachers' Insurance and Annuity Association of America, Inc. (Teachers) caused a subpoena to be issued (Exhibit A) directing Mr. Simon to appear before this Court on June 28, 1993 at 10:00 a.m. On the same day counsel for Teachers mailed a Notice of Evidentiary Hearing addressed to Mr. Simon at 1201 S. Ocean Boulevard, Hollywood, Florida informing Mr. Simon that a hearing will be held before the undersigned on June 28, 1993 at 10:00 a.m. on a Motion for Relief from Automatic Stay and Motion to Appoint Trustee filed by Teachers (Exhibit B). It appears that since June 1, 1993 counsel for Mr. Simon has communicated in writing and by telephone with counsel for Teachers and informed counsel for Teachers that Mr. Simon was temporarily located in New York and he did not intend to return to Florida until mid or late July, 1993. On June 23, 1993 counsel for Mr. Simon informed counsel for Teachers again that he will not appear at the evidentiary hearing. On the same date, at 6:38 p.m., counsel for Teachers sent a copy of the subpoena to counsel for Mr. Simon by telefax. The subpoena, as noted, ordered Mr. Simon to appear before the undersigned on June 28, or 5 days later. However, the record leaves no doubt that Mr. Simon was never actually served with the subpoena. When counsel for Mr. Simon received the subpoena and the notice of hearing, he contacted counsel for Teachers again and inquired about her intention to have Mr. Simon served with the subpoena in New York. On June 24, 1993 counsel for Teachers responded by letter (Exhibit D) in which she informed counsel for Mr. Simon that she will insist to proceed with the hearing and it is necessary to require Mr. Simon and others to appear at the hearing.

Based on the facts, counsel for Mr. Simon contends that he is entitled to have his Objection to the subpoena sustained, to grant Mr. Simon's Motion for Protective Order and

imposition of sanctions on Lisette M. Reid and/or Teachers pursuant to F.R.B.P. 9011 and F.R.Civ.P. 45(c).

■ Considering first the Objection to Subpoena, treated as a Motion to Quash, the matter is obviously moot and academic since the record is clear that Mr. Simon was never served with the subpoena. Thus, there is no need for a protective order either since Mr. Simon had no legal obligation to appear at the evidentiary hearing noticed by counsel for Teachers.

■ Counsel for Mr. Simon seeks imposition of sanctions pursuant to F.R.B.P. 9011, commonly referred to as the certification rule. This Rule provides, in pertinent part, as follows:

"The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and believe formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation or administration of the case."

There is nothing in this record which would warrant the finding that F.R.B.P. 9011 was violated since none of the relevant documents stated anything which violated the certification rule.

■ Mr. Simon also seeks imposition of sanctions pursuant to F.R.Civ.P. 45 as adopted by F.R.B.P. 9016. This Rule provides inter alia that:

"A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee."

This record leaves no doubt that the conduct of counsel for Teachers failed to live up to the standard required by this Rule and she had no justification to pursue the course of conduct she embarked upon. This is especially true when she stated in her letter of June 24, 1993 addressed to counsel for Mr. Simon that she insists on the presence of Mr. Simon notwithstanding the fact that she was informed earlier that Mr. Simon was in New York and knowing no subpoena issued by this Court could be served in New York and be valid and enforceable and would be ineffective to compel the party, even if served, to appear at the hearing noticed by Teachers' counsel for June 28, 1993 at 10:00 a.m. Counsel for Teachers took no reasonable steps to avoid the imposition of undue burden or expense upon Mr. Simon thus she clearly failed to comply with the requirements of F.R.Civ.P. 45(c)(1).

This leaves for consideration what would be appropriate sanctions to be imposed on Ms. Reid. Counsel for Mr. Simon urges in his Affidavit that he spent 2.90 hours concerning this matter and billed his client $175 per hour for a total of $507.50. According to the Affidavit he spent 2.50 hours on correspondence with Ms. Reid, telephone conversations with Mr. Simon, preparation of the Objection to the Subpoena, Motion for Protective Order and Request for Sanctions. In addition, he charged for the preparation of the Order on the Motion for Sanctions. The Court has considered the Affidavit and is satisfied that under these circumstances, the amount sought to be imposed is reasonable.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Objection to Subpoena be, and the same is hereby, overruled as moot. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Protective Order be, and the same is hereby, denied as moot. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Sanctions be, and the same is hereby, granted and Ms. Lisette Reid shall, within twenty (20) days

from the date of entry of this Order, pay counsel for Mr. Simon the sum of $507.50.

DONE AND ORDERED.